IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NOE GUTIERREZ RAMIREZ,

    Plaintiff,

v.                                              CASE NO. 4:12-cv-437-WS-GRJ

RONALD V. SKYERS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Doc. 1, a civil rights complaint form completed by Plaintiff, a *pro se* prisoner incarcerated in California.  Plaintiff completed the complaint on the form from the U.S. District Court for the Southern District of California.  Plaintiff names California state court Judge Ronald V. Skyers as Defendant and claims his civil rights were violated during his 2008 conviction and sentence for what appears to be charges of robbery, burglary, and assault.  Plaintiff seeks $2.7 billion in compensatory damages and $2.7 billion in punitive damages.  (Doc. 1.)

    Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1)  where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  The events which occurred in this case took place in Compton, California, which is in Los Angeles County, in the U.S. District Court for the Central District of California.  Plaintiff alleges in his complaint that Defendant Skyers

resides in Compton, California.  Therefore, the proper district for venue is the Central District of California.

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  In this case, dismissal is appropriate.

Plaintiff is suing Defendant, a state court judge, for damages.  It is well-settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted).  Absolute judicial immunity applies to all of a judge's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Plaintiff makes no coherent claim for injunctive relief, but to the extent he seeks release from custody, this is not cognizable in a civil rights claim and would need to be raised in a habeas petition.  Finally, Plaintiff's complaint is problematic because both the complaint and proof of service were executed on February 13, 2011, approximately 1.5 years prior to filing in this Court. For these reasons the Court concludes that transfer of this action would not be in the interest of justice and that dismissal of this action is appropriate.

*Case No: 4:12-cv-437-WS-GRJ*

In light of the foregoing, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1406(a) this case should be **DISMISSED.**

**IN CHAMBERS** at Gainesville, Florida, this 5th day of September 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:12-cv-437-WS-GRJ*